RECEIVED
IN LAKE CHARLES, LA

OCT 9 2008

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:05 CR 20084 |
| VS. | : | JUDGE MINALDI |
| DEXTER JEFFERY VALLOT | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

An evidentiary hearing was held on August 25, 2008. Both the defendant and the Government filed post-hearing memoranda addressing sentencing issues.

The Government objected to the defendant receiving the safety valve reduction. After hearing the evidence presented at the evidentiary hearing, this court finds that the safety valve reduction is not warranted. Pursuant to U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f), a defendant who provides information to the Government may escape the imposition of a statutory minimum sentence if the district court finds that he meets five criteria. *United States v. Lopez,* 264 F.3d 527, 529-30 (5th Cir.2001); *see also* U.S.S.G. § 2D1.1(b)(11) (providing two-level reduction offense level if defendant meets five criteria set forth in § 5C1.2). The fifth criterion, the only one at issue here, requires that "the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense." § 5C1.2(a)(5); *see also* § 3553(f)(5). The defendant has the burden of showing eligibility for the safety-valve reduction, including the burden of showing that he truthfully provided the Government with all relevant information. *United States v. Flanagan,* 80 F.3d 143, 146-47 (5th Cir.1996).

The testimony established that Vallot made at least two trips to transport currency and at least two trips to transport cocaine. Vallot gave two statements to investigating agents and only admitted one trip with cocaine and one with money. He also gave contradictory statements concerning Kenneth Washington's knowledge of the trip in which Vallot was found to be transporting 85 kilograms of cocaine. It is well-established that a court has authority to deny safety valve benefits to a defendant who does not provide truthful information. *See United States v. Lopez*, 2008 WL 2725229, 1 (5th Cir. 2008); *United Stated v. Edwards*, 65 F.3d 430 (5th Cir., 1995).

The Government also objected to the defendant receiving a reduction for a minor role. A §3B1.2 reduction applies only when a defendant is substantially less culpable than the average participant. *United States v. Villanueva*, 408 F.3d 193, 203 & n. 9 (5th Cir.2005). If a sentence is based on activity in which a defendant was actually involved, §3B1.2 does not require a reduction in the base offense level even though the defendant's activity in a larger conspiracy may have been minor. *United States v. Robles*, 2008 WL 2740479, 1 (5th Cir., 2008); *United States v. Atanda*, 60 F.3d 196, 199 (5th Cir.1995).

Vallot made two trips to transport drugs and two trips to transport large sums of money. On one of the trips, the defendant kept the money at his home until Pedro Ramos retrieved it. Vallot built or helped to build a hidden compartment in the truck to transport the cocaine. Vallot traveled to Baton Rouge in an attempt to acquire a chicken cage (which had cocaine secreted in its base). An agent testified that Vallot increasingly important role in the organization, especially after Pedro Ramos and Lance Olivier parted ways. Vallot was also instrumental in attempting to launder the proceeds of the drug sales. The court finds that Vallot is not entitled to a reduction for a minor role in the conspiracy.

The Government seeks an enhancement for obstruction of justice based upon an incident in which Vallot head-butted a co-defendant while they were being held in the same room waiting for a hearing in the 16th Judicial District Court in Iberia Parish, Louisiana. §3C1.1 provides that a defendant's calculated offense level can be increased by two levels if "(A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct ...." U.S. Sentencing Guidelines Manual § 3C1.1. *United States v. Juarez-Duarte,* 513 F.3d 204, 208 (5th Cir., 2008).

This altercation began as an argument between Kenneth Washington and Pedro Ramos. The witnesses each testified that Vallot made no threats during this confrontation. The evidence does not establish that Vallot's head-butting a co-defendant was an attempt to willfully obstruct or impeded, or attempt to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction. The Government's request for this two-point enhancement is denied.

Lake Charles, Louisiana, this 6 day of October, 2008.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE